**In the Matter of the Estate of Marie P. Donnelly, Deceased.**
**Roy M. Donnelly, Administrator of the Estate of Marie P. Donnelly, Deceased, Appellant, v. Irene C. Blust, Appellee.**

Gen. No. 11,892.

Third District.

June 9, 1964.

Rehearing denied July 7, 1964.

George M. O'Connor, of Peoria, for appellant.

Elmer F. Gury, of Peoria, for appellee.

ROETH, J.

The administrator of the Estate of Marie P. Donnelly brought a citation proceeding to discover assets of the decedent. The citation was directed to Irene C. Blust. An answer was filed by respondent and after hearing on the petition and answer the Probate Court of Peoria County denied the relief sought in the citation. This appeal followed.

The only witness testifying as to facts material to a decision of this case was Irene C. Blust who was called as a witness by counsel for the administrator. The salient facts appearing from her testimony are as follows: Irene C. Blust and the decedent had known each other for 40 years. During a part of this period the deceased worked for a manufacturing concern and Irene C. Blust was employed by a doctor in downtown Peoria. The deceased married a man by the name of Edward Mooney about 1933 and he died about 20 years later. In 1953 she married Roy Donnelly who survived her and is the administrator of her estate. The deceased died in 1960. In 1946 deceased opened a savings account in First Federal Savings & Loan Association of Peoria in her then name of Marie P. Mooney. A passbook was issued to her in this name. Apparently after the death of her first

husband and sometime in 1954, the deceased changed the account to a joint account with a brother. A new passbook was issued evidencing this joint account. From 1954 to 1957 Irene C. Blust made deposits for the deceased in this account. The funds deposited belonged to the deceased and it is reasonably clear that the reason for Irene C. Blust making the deposits was for the convenience of deceased since Irene C. Blust worked downtown, where First Federal Savings & Loan Association was located, and deceased did not. During this time Irene C. Blust had possession of the passbook and showed it to the deceased whenever requested. On May 14, 1957, the deceased changed the account to a joint account with Irene C. Blust. The amount on deposit in this new account as of that date was $6,186.79. On that day the deceased came to Irene C. Blust and turned over to her the new account book and the two prior account books and told her to go up and put her name on it as she had turned the account over to her. Pursuant to these instructions Irene C. Blust went to the First Federal Savings & Loan Association and signed the signature card and joint account agreement which had already been signed by deceased. From this time on until the death of the deceased Irene C. Blust had possession of the passbooks above mentioned. No further deposits were made in the account and it became inactive except for the posting of semi-annual interest credits which were made in the passbook when it was taken into the savings and loan association by Irene C. Blust. The joint account agreement signed by the deceased and Irene C. Blust is in the form provided by the statutory provisions of the Illinois Savings and Loan Act expressly providing for the creation of survivorship accounts in savings and loan associations.

In the case of Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850, the Supreme Court undertook to clarify the law in Illinois with respect to joint accounts such as is involved in the case at bar. The essence of the holding in this case is that where a joint account is established in accordance with the statutory procedure, a presumption of donative intent arises and the burden of rebutting the presumption falls upon the person seeking to avoid the survivorship effect of the joint account. This must be done by clear and convincing proof. In the most recent case of In re Vollmer's Estate, 45 Ill App2d 94, 195 NE2d 44, the court said:

"Law is dynamic and concepts change with the reasons and needs of the people. The legislature has recognized the difficulty of the courts in dealing with joint accounts and has by statute provided a means by which uniformity and stability may be accomplished for the advantage of all. Thus we recognize and give meaning to the contract executed by the joint tenants. 'Public policy would seem to require the adoption by the courts of a more liberal and practical view of these common transactions.' Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850.

"When the parties have by contract, in a manner as provided by statute, created a joint tenancy, then either party to the agreement may enjoy all of the benefits of the agreement in addition to the right of survivorship. The burden is placed upon he who would seek to limit the rights of either tenant as created by the contract to show that the equitable title is not vested in the parties to the contract."

The trial judge in his memorandum opinion, in effect found that there was a lack of clear and convincing

proof by the administrator to overcome the presumption of donative intent. We have examined the record and agree with this conclusion.

Accordingly the judgment of the Probate Court of Peoria County will be affirmed.

Affirmed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.