In the Matter of the Estate of Raymond C. Stang, Deceased.
Marilyn Latek, Petitioner-Appellee, v. Fred D. Stang, Respondent-Appellant.

Gen. No. 50,872.

First District, Fourth Division.

April 7, 1966.

William B. Smith, of Chicago, for respondent-appellant.

Anthony S. Bruno, of Chicago (Paul Broccolo, of counsel), for petitioner-appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Petitioner, in a citation proceeding in the administration of the estate of Raymond Stang, deceased, sought to have two savings accounts and sixty-three shares of stock in General Motors Corporation included in the estate of the decedent. The court granted the petition only as to the shares of stock and entered an order that they be included in the decedent's estate, from which respondent appeals. No cross-appeal was taken by the petitioner with regard to the savings accounts.

Decedent, a bachelor who lived alone, died in 1964 and is survived by various relatives including a brother Fred Stang (respondent) and a niece Marilyn Latek (petitioner). Upon the death of the decedent there was found in a safe deposit box which was held in joint tenancy

by the decedent and Fred Stang a total of sixty-three shares of stock in General Motors Corporation which were held in joint tenancy. In addition the box contained a purported holographic will [1] drawn in 1960 which was signed by the decedent, addressed "To whom it may concern" and which provided in relevant part as follows:

> As for my money, cash, Gen Motors shares, Life insurance, security government bonds and all insurances
> I want distributed the following ways.

The "will" contained various distributive provisions but there was no further reference to shares of stock except the following statement:

> This includes all my money, insurance, stocks, bonds, etc.

Fred Stang testified at the trial but was not asked any questions relating to the origin of the joint tenant ownership of the stock in question. The trial court held that, while the aforesaid document may be ineffectual as a will, it was sufficient evidence to establish that the decedent did not possess the requisite donative intent at the time of the origin of the joint tenancy to create a joint tenancy with all of the legal consequences thereof.

 A presumption of a gift to the surviving joint tenant arises with the creation of a joint tenancy and can be overcome only by clear and convincing evidence of a lack of donative intent. Murgic v. Granite City Trust & Sav. Bank, 31 Ill2d 587, 202 NE2d 470. In that case the Supreme Court reversed the Appellate Court which had held that while there was a presumption of donative intent with regard to property held in joint tenancy, if

---

[1] It is admitted that the will was not executed in accordance with the statutory requisites and therefore was never offered for probate.

the estate introduced evidence which tended to rebut the existence of donative intent the burden would then revert to the survivor to prove by clear and convincing evidence that a gift was intended. The Supreme Court ruled that the burden does not revert to the survivor unless the evidence of the claimant is clear and convincing, stating at pages 590, 591 that:

> The legislative policy to treat the joint account as a useful technique for transferring intangibles dictates that the estate or other person claiming against the survivor should have the burden of disproving intent on the part of the decedent, and the degree of proof required to void the presumption should be clear and convincing. This would add certainty to the law and at the same time protect a depositor's estate where the joint account was created without donative intent . . . . To hold that a lesser degree is required or that the burden shifted would tend to make every joint tenancy account suspect and would promote instability rather than stability of ownership. . . .
>
> We hold that an instrument creating a joint account under the statutes presumably speaks the whole truth; and, in order to go behind the terms of the agreement, the one claiming adversely thereto has the burden of establishing by clear and convincing evidence that a gift was not intended. This burden does not shift to the party claiming under the agreement.

Moreover, evidence of the lack of donative intention must focus upon or relate back to the time of the creation of the joint tenancy. Murgic v. Granite City Trust and Savings Bank, supra. Therefore, if the decedent possessed donative intent at the time of the creation of the joint tenancy a subsequent decision that he did not want his share to pass upon death to the surviving joint tenant

■■■■■■■■■■

is not, in itself, sufficient to sever the joint tenancy relationship. In the instant case, while the decedent referred specifically to the General Motors stock in his purported will, there is no indication as to whether he lacked the donative intent at the time of the creation of the joint tenancy or whether he possessed the donative intent at that time and merely changed his mind without performing any act to sever the joint tenancy relationship. It is significant to note that even though the burden was upon the petitioner to rebut the presumption of donative intent by clear and convincing evidence she did not question Fred Stang, who was sworn as a witness and who is the one person who presumably could have shed some light on the circumstances under which the joint tenancy was established.

■■ We find that the purported will of the decedent is not, in and of itself, clear and convincing evidence which rebuts the presumption of donative intent on the part of the decedent with respect to the sixty-three shares of General Motors stock. Therefore the order of the trial court that these shares be included in the estate of the decedent is reversed.

Reversed.

ENGLISH and McCORMICK, JJ., concur.