In the Matter of the Estate of William J. Pokorney, Sr., Deceased.

Jeanette Newberg, Petitioner-Appellee, v. William J. Pokorney, Jr., Administrator of the Estate of William J. Pokorney, Sr., Deceased, Appellants.

Gen. No. 52,482.

First District, First Division.

March 18, 1968.

Rehearing denied April 9, 1968.

George A. Bosomburg, of Chicago, for appellant.

Norman R. Silverman and John A. Klawans, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal by William J. Pokorney, Jr., as the Administrator of the Estate of William J. Pokorney, a/k/a William J. Cmunt, from a judgment order of the Probate Division of the Circuit Court, directing him to turn over to Mrs. Jeanette Newberg, petitioner, all of the stock certificates representing the cumulative number of 208 shares in American Telephone & Telegraph Company, and also to sign and execute all necessary documents or authorizations necessary to effectuate the transfer of said stock and all dividend checks arising therefrom. The order further recites "that there is no just reason for delaying enforcement or appeal from said final order."

It appears from the pleadings, and from the testimony of William J. Pokorney, Jr., that William J. Pokorney, Sr., died intestate leaving his son, William J. Pokorney,

Jr., as his only heir at law. During his lifetime the deceased purchased the aforementioned 208 shares of American Telephone & Telegraph Co. stock with his own funds. At his direction, the stock was issued or reissued in the names of William J. Pokorney, Sr., and Mrs. Jeanette Newberg, as joint tenants with the right of survivorship, and not as tenants in common. The decedent kept exclusive possession of the stock certificates until his death. At his direction the Company had authority to issue dividend checks payable to himself or to Jeanette Newberg, his sister, and he further instructed American Telephone & Telegraph Company to send the stock dividends to him. The decedent included all dividends in his annual Income Tax Returns, and paid the tax thereon; and the American Telephone & Telegraph Company reported to the Internal Revenue Service all dividends on the stock as being income of the deceased.

The Administrator argues that a joint tenancy was never created because a written agreement was never entered into between the parties. He further contends that the gift of the stock to the petitioner was never consummated for want of delivery, and also because the possession of the stock never left the deceased and he alone received the dividends. We cannot agree with these contentions.

The stock was registered upon the books of the American Telephone & Telegraph Company, creating a joint tenancy in compliance with the statutory requirements of section 2 of the Statute on Joint Rights and Obligations (Ill Rev Stats 1961, c 76, § 2(b)), which recognizes the right to create a joint tenancy in corporate stock. It is not necessary for the creation of a joint tenancy in stock that a signed agreement be executed. The registration of stock ownership upon the books of the corporation, in appropriate statutory language, is sufficient to vest legal title, and registration in the appropriate manner dispenses with the necessity of common

law principles which govern creation of joint tenancies. Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850. Furthermore, a prima facie presumption of donative intent exists where the proof shows, as it does in the instant case, that the Statute on Joint Rights and Obligations has been complied with; and our Supreme Court, in Murgic v. Granite City Trust & Savings Bank, 31 Ill2d 587, 202 NE2d 470, dealing with the question of joint tenancy bank accounts, stated at page 591:

> We hold that an instrument creating a joint account under the statutes presumably speaks the whole truth; and, in order to go behind the terms of the agreement, the one claiming adversely thereto has the burden of establishing by clear and convincing evidence that a gift was not intended.

■■ It is clear to us that the Administrator did not carry his burden of establishing by clear and convincing evidence that the decedent did not intend a gift in joint tenancy of the American Telephone & Telegraph Company stock to the petitioner. Indeed, an examination of the pleadings and the testimony of the Administrator fails to show any evidence that would rebut the presumption of donative intent. The retention by the decedent of the possession of the stock certificates does not show a lack of delivery of the gift, nor does his receipt of dividends and payment of taxes on the stock show that he failed to part with exclusive possession of the securities. Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850; Armstrong v. Daniel, 88 Ill App2d 31, 232 NE2d 218. The trial judge correctly held that the 208 shares of stock in American Telephone & Telegraph Company are the property of Jeanette Newberg as the surviving joint tenant. The gift was fully consummated during the lifetime of the donor.

The Administrator cites Fanning v. Russell, 94 Ill 386. This was an action commenced by creditors of the de-

ceased and did not involve stock held in joint tenancy, and therefore, is clearly inapplicable on the facts to the case at bar. In Dudley v. Uptown Nat. Bank of Moline, 25 Ill App2d 514, 167 NE2d 257, Cecle Voss, the decedent, had purchased a non-negotiable certificate of deposit made payable by the decedent to herself and "payable on death to Pamela Dudley." The decedent continued to retain possession of the certificate until shortly before she entered the hospital at which time she gave petitioner (who had filed the action as Guardian of Pamela Dudley) the certificate, along with other "important family things" and "family papers," for safekeeping. However, shortly before the decedent's death, Cecle Voss's husband obtained the certificate from petitioner. The husband took it to Cecle Voss at the hospital where the decedent endorsed her name thereon; and Mr. Voss, at his wife's direction, surrendered the certificate to the bank; and the proceeds, with interest, were placed in the Voss's joint bank account.

The court held that the decedent had not intended to make a present, executed gift, but rather had intended to make a testamentary disposition of the certificate to Pamela Dudley. The court reasoned that the surrender of the certificate and the placing of the proceeds in the joint bank account demonstrated that the decedent had not intended to part with the sole ownership of the certificate during her lifetime; and that the delivery of the certificate at one point to petitioner did not represent delivery with the intention of vesting title and possession immediately and irrevocably in Pamela Dudley.

In the instant case donative intent was established, prima facie, by showing the creation of a joint tenancy in stock in compliance with the applicable statutory provisions; and no evidence of a clear and convincing nature was introduced to show that a gift had not been intended

by the decedent. The Dudley case did not deal with the evidentiary situation created by showing a joint tenancy in compliance with the statute, and therefore, is distinguishable. Furthermore, in that case the court had before it compelling evidence of a lack of donative intent in the alleged donor, a situation factually distinct from the one in the case at bar.

The judgment of the Probate Division of the Circuit Court is affirmed.

Affirmed.

ADESKO and MURPHY, JJ., concur.