In the Matter of the Estate of William J. Pokorney, Sr., Deceased.
Marie Smejkal, Respondent, Counter-Petitioner, Appellee, v. William J. Pokorney, Jr., Administrator of the Estate of William J. Pokorney, Sr., Deceased, Petitioner, Counter-Respondent, Appellant.

Gen. No. 52,552.

First District, Second Division.

September 17, 1968.

George A. Bosomburg, of Riverside, for appellant.

Irwin J. Minarik and Louis A. Rosenthal, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This was a citation proceeding to establish ownership of 182 shares of stock and two savings accounts, all standing in the names of the decedent and Marie Smejkal as joint tenants. Although the citation petition filed in this cause does not appear in the record before us it appears that the action was initiated by the administrator of the decedent's estate against Mrs. Smejkal. With her answer Mrs. Smejkal filed a counterpetition in which she named the administrator as counterrespondent and requested that she be adjudged entitled to the stock and the accounts in dispute. After a hearing, relief as prayed by the counterpetition was granted and the administrator appeals.

During his lifetime, decedent, William J. Pokorney, Sr., purchased 182 shares of American Telephone and Telegraph Company common stock which he caused to be registered with the company in his name and the name of Marie Smejkal "in joint tenancy with the right of survivorship and not as tenants in common." The stock certificates were held by Mrs. Smejkal in her safety deposit box, together with the decedent's Last Will and Testament. The certificates were kept in a sealed envelope which bore on its face the notation "Contents of Bill Pokorney" in Mrs. Smejkal's handwriting. Mrs. Smejkal testified that she held the certificates in her safety deposit box because the decedent had requested her to do so. She further testified that she delivered the certificates to the attorney for the administrator, upon his demand, several days after the death of the decedent. It is undisputed that the dividend checks issued with regard to the shares of stock in question were made payable to the decedent "or" Mrs. Smejkal; that the decedent endorsed all the checks himself and retained all proceeds therefrom; that he reported all such dividends on his own federal income tax returns; and that he paid a portion of the rental on Mrs. Smejkal's safety deposit box wherein the stock certificates and the Will were kept.

It also appears that the decedent opened savings accounts at two separate savings and loan associations in the names of himself "or" Mrs. Smejkal. Both account cards specifically recited the relationship between the parties to be that of joint tenants with right of survivorship. One card recited that it was the intention of the parties that upon the death of either, the survivor should be the sole beneficial owner of the funds in the account regardless of who actually provided the funds; the other card recited that it was the intention of the parties that any funds deposited into the account were a gift to the other party not making the deposit to the extent of his

interest in the account. It is undisputed that all deposits and withdrawals were made by the decedent with respect to both accounts and that Mrs. Smejkal had possession of a passbook to one of the accounts.

The administrator maintains that the trial court erred in adjudging Mrs. Smejkal the owner of the shares of stock and the savings accounts since the manner in which title to personal property is held is not conclusive as to the true relationship existing between the parties; the administrator states that Mrs. Smejkal was required to offer evidence showing the intention of the decedent to make a gift to her of the property in question, which she wholly failed to do.

 Title to personal property may be held in joint tenancy with right of survivorship where the appropriate language is employed at the creation of the tenancy. Ill Rev Stats 1965, c 76, par 2. A statutory right of survivorship exists, and it is therefore unnecessary to follow the principles of the common law in this regard. Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850. If the joint tenancy is created in accordance with the statutory provisions, the presumption of donative intent arises. In re Estate of Donnelly, 50 Ill App2d 36, 199 NE2d 641. The burden is upon the party attacking the joint tenancy to establish, through clear and convincing evidence, the lack of donative intent at the time of the creation of the tenancy. Murgic v. Granite City Trust & Savings Bank, 31 Ill2d 587, 202 NE2d 470.

The certificates of stock and the savings accounts all carry the necessary statutory language of survivorship from which the presumption arises that decedent intended to make a gift of the properties to Mrs. Smejkal. The burden consequently fell upon the administrator to show by clear and convincing evidence that no such intention was entertained by the decedent at the time he created the tenancies.

■ With respect to the joint savings accounts, no evidence was offered by the administrator in any way bearing on the intention of the decedent when he created the accounts. On the contrary, the account cards, both of which were admitted into evidence, recite that it was the intention of the parties that both share equally in whatever funds were deposited into the respective accounts. This stands uncontradicted. The administrator calls this court's attention to a letter concerning savings accounts which was written by Mrs. Smejkal to the decedent some 14 months prior to his decease; the administrator argues that the contents of the letter indicate that the parties never intended the funds in the savings accounts to pass to Mrs. Smejkal upon the death of the decedent, and that Mrs. Smejkal always considered the funds in the accounts as belonging solely to the decedent. The trial court, however, refused to admit the letter into evidence on the grounds that its contents were too general and unclear, and that the letter failed to specifically identify the subject matter dealt with therein.

With respect to the shares of stock, the administrator maintains that Mrs. Smejkal's own testimony shows she received no gift from the decedent. Mrs. Smejkal testified that she wrote the notation on the sealed envelope containing the stock certificates that the contents belonged to the decedent; that she was holding the shares for the decedent; and that the decedent received all dividend checks, cashed them and reported the income therefrom on his own tax return forms. We do not believe this to be such clear and convincing evidence as is required to defeat the presumption of donative intent raised by the language employed by the decedent in the creation of the tenancy. See In re Estate of Pokorney, 93 Ill App2d 174, 236 NE2d 396; Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850; In re Estate of Donnelly, 50 Ill App2d 36, 199

NE2d 641; In re Estate of Bors, 83 Ill App2d 447, 228 NE2d 127.

For these reasons the judgment is affirmed.

Judgment affirmed.

McNAMARA and LYONS, JJ., concur.