2 Ill. App.3d 98 (1971)
276 N.E.2d 128
ESTATE OF ADELIA W. ZENGERLE, Deceased,  (JOHN P. RUSS, Petitioner-Appellant,)
v.
DAVID H. GREENMAN, et al., Respondents-Appellees.
No. 55014.
Illinois Appellate Court  First District.
October 19, 1971.
*99 Donald L. Johnson, of Chicago, for appellant.
Arthur Aaron Ellis, and Morris William Ellis, of Chicago, for appellees.
Judgment affirmed.
Mr. JUSTICE STAMOS delivered the opinion of the court:
The trial court denied the petition of the Executor of the Estate of Adelia W. Zengerle, deceased, for the issuance of a citation to recover proceeds in a savings account with the Chicago Federal Savings and Loan Association. The court found that the funds were not an asset of the estate but were the property of the surviving joint tenant, David H. Greenman, respondent-appellee. The Executor appeals. The evidence adduced is as follows:
On October 27, 1966, the deceased and David H. Greenman opened a savings account at the Chicago Federal Savings and Loan Association. The account conformed to the requirements of Ill. Rev. Stat. 1965 ch. 76 par. 2, "Joint Rights and Obligations," for creation of a joint tenancy bank account. The account identified them as "Mrs. Delia W. Zengerle or David H. Greenman, as joint-tenants with the right of survivorship and not as tenants in common * * *." It was stipulated at the hearing that the initial of $2,807.19 and subsequent deposits were made by the deceased.
John P. Russ testified that he was the Executor of the deceased's estate and her brother-in-law. On January 8, 1967, he, his wife and their son took the deceased to the Augustana Hospital. During the trip the deceased advised them that she had a savings account at the Chicago Federal Savings and Loan Association and was desirous of having the funds transferred and placed into a savings account at the First National Bank and Trust Company of Evanston, Illinois, and requested Russ to take the appropriate measures to accomplish the transfer. She told them that she intended to live with them.
The day after deceased was placed in the hospital, Russ telephoned the Evanston Bank and at his request he received in the mail a sight draft and signature cards for the creation of a joint savings account in the name of the deceased and his wife, Arabella Russ. On January 20, 1967, these documents were presented to the deceased by Russ at the hospital where she read them and affixed her signature. Russ explained *100 that he required the pass book to effect the transfer of the funds to the Evanston bank. The deceased told him that it was in Greenman's possession, but she would arrange for Russ to obtain it. Russ thereupon prepared a letter of direction and introduction to Greenman which deceased signed and told Russ that she had already telephoned Greenman and apprised him about making the delivery of the pass book to Russ. On January 22, 1967, Russ visited Greenman at his home, but Greenman refused to surrender the passbook. This refusal was made known to the deceased who directed that Russ prepare a letter to the Chicago Federal Savings and Loan Association requesting that the account be "frozen." The letter was drafted by Russ, executed by the deceased and delivered to the Association. The letter included a statement that the account had been established by her as a matter of convenience and all of the funds were her personal property. The Association responded that it would "freeze" the account pending the results of legal proceedings. Mrs. Zengerle died at the hospital on January 25, 1967, two days after her letter was delivered to the Association.
Petitioner contends that the foregoing establishes that the deceased did not intend to make a gift of the proceeds to Greenman when the account was opened and that respondent's failure to adduce evidence of a contrary intent required that the court enter judgment in Petitioner's favor.

OPINION
 1 The creation of a savings account in joint tenancy gives rise to a presumption that a gift to the surviving joint tenant was intended. (In Re Estate of Stang (1966), 71 Ill. App.2d 314, 218 N.E.2d 854; In Re Estate of Bors (1967), 83 Ill. App.2d 447, 228 N.E.2d 127.) Therefore, Petitioner has the burden of rebutting the presumption that a gift was made. Petitioner erroneously contends that by presenting evidence to negate the donative intent of the deceased, in the absence of any contrary evidence, petitioner should prevail. In Murgic v. Granite City Trust and Savings Bank (1964), 31 Ill.2d 587, 202 N.E.2d 470, our Supreme Court disposed of this identical contention and said, at page 590, 591:
"There has been much confusion in this area on the part of the courts of the several States (including Illinois,) most of which appears to stem from attempts to apply traditional concepts to joint accounts. Various solutions have been advanced. The one apparently adopted by the Appellate Court in this case may be classified as a "limited" or "shifting" presumption. Under this theory the burden of going forward, once the proper setting up of the account and death of the joint tenant had been established, was upon the estate and if there was no evidence rebutting donative intent the survivor would take, *101 but if the estate introduced evidence which tended to rebut donative intent the burden would then revert to the survivor to prove by clear and convincing evidence that a gift was intended. Apparently this concept derives from the common-law rule that such a burden devolves upon a person claiming to be the donee of an inter vivos gift. * * *"
"We hold that an instrument creating a joint account under the statutes presumably speaks the whole truth; and, in order to go behind the terms of the agreement, the one claiming adversely thereto has the burden of establishing by clear and convincing evidence that a gift was not intended. This burden does not shift to the party claiming under the agreement."
 2 Petitioner's burden, therefore, was not merely to present evidence of deceased's lack of a donative intent, but that such evidence reflected clearly and convincingly that no gift was intended.
 3-6 Petitioner also seems to contend that his evidence is sufficient to rebut the presumption, regardless of the quality or quantity of evidence required. It is well established that a trial court's findings will not be disturbed on appeal unless against the manifest weight of the evidence or unless they are palpably erroneous. (In Re Estate of Bors, supra.) It is significant that only Russ testified and no other witnesses were called to corroborate or substantiate his testimony. His testimony concerned statements and writings of the deceased between January 8, 1967, the day she went to the hospital, and January 25, 1967, the day of her death. With the exception of the statement in the "freeze" letter, the evidence of her intent did not pertain to her intent at the time the account was opened, but only that she desired to sever the joint-tenancy with Greenman. Evidence of the lack of donative intent must focus upon or relate back to the time the joint-tenancy was created and the decision of the donor, made subsequent to the creation of the joint-tenancy, that she did not want the proceeds to pass to the survivor, would not, in itself, be sufficient to sever the tenancy. In Re Estate of Stang, supra.
The trial court did not err in finding that clear and convincing evidence had not been adduced to rebut the presumption of donative intent. We therefore affirm the trial court.
Judgment affirmed.
LEIGHTON, P.J., and SCHWARTZ, J., concur.