*In re* ESTATE OF EDDIE M. MARX, Deceased—(ALLISON W. DAVIDSON, Petitioner-Appellant, *v.* MIRIAM SAUNDERS *et al.,* Respondents-Appellees.)

(No. 57434;

First District (4th Division)—April 25, 1973.

Allison W. Davidson, *pro se.*

Benjamin Meister, of Chicago, for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The administrator of the estate of the decedent, Eddie M. Marx, filed this action in the Circuit Court of Cook County to recover monies held

in a joint savings account in the name of the decedent and Miriam Saunders, the mother of his illegitimate daughter, Eulanda.

The decedent died intestate on August 26, 1971, survived by his widow and two sons of the marriage, aged 23 and 25 at the time of trial in March, 1972. He had not lived with his wife and family for some years prior to his death.

On November 14, 1959, the decedent opened a savings account at the Chicago City Bank, and on October 16, 1970, the name of Miriam Saunders was placed on the account. The decedent had been ill and in and out of two hospitals at the time her name was added. She stated the decedent wanted her name on the account so she could draw money out and give Eulanda anything she needed.

On June 25, 1971, Morris Witney, an attorney, testified the decedent conferred with him about removing Miriam Saunders' name from the bank account. Witney stated he wrote a letter to the bank requesting procedures to be followed, but did not receive a reply, and he did nothing more. On September 2, 1971, seven days after the decedent's death, Miriam Saunders withdrew $9500 from the joint account after presenting an inheritance tax release to the bank.

The issue on review is whether the evidence presented was sufficient to overcome the presumption in favor of the surviving joint tenant.

■■ In Illinois it is well established there is a presumption of donative intent in favor of a surviving joint tenant of a bank account established according to statutory procedure. (*In re Estate of Donnelly* (1964), 50 Ill.App.2d 36; *In re Estate of Lackie* (1964), 51 Ill.App.2d 156.) It is also well established that the person claiming against the survivor of a joint tenancy must prove his case by clear and convincing evidence such that no reasonable doubt is left in the mind of the trier of fact. *In re Estate of Weaver* (1966), 75 Ill.App.2d 227.

In the case at bar the administrator of the estate claims the decedent added Miriam Saunders' name to his account merely as a convenience for him while he was in the hospital, and the testimony of Morris Witney concerning the decedent's desire to remove her name from the account was clear and convincing evidence that no gift was intended.

■■ Whether a gift was intended is determined at the time of the creation of the joint account (*In re Estate of Anderson* (1966), 69 Ill. App.2d 352), and the only direct evidence was Miriam Saunders' testimony that decedent wanted her name added to the account "so we could have a joint account in case, you know, that I could draw money out, Eulanda and I—I could give Eulanda the money, anything she needed."

■■ The fact the decedent may have changed his mind about having Miriam Saunders as a joint tenant, as suggested by the testimony of

Morris Witney, is not relevant. In *In re Estate of Stang* (1966), 71 Ill. App.2d 314, the court said:

> "Moreover, evidence of the lack of donative intention must focus upon or relate back to the time of the creation of the joint tenancy. (*Murgic v. Granite City Trust and Savings Bank, supra.*) Therefore, if the decedent possessed donative intent at the time of the creation of the joint tenancy, a subsequent decision that he did not want his share to pass upon death to the surviving joint tenant is not, in itself, sufficient to sever the joint tenancy relationship."

■■ The testimony at trial was the decedent wanted Miriam Saunders' name placed on the account, not as a convenience, but for the benefit of herself and her daughter. Marx had not lived with his wife for some years prior to his death, his children of that marriage were grown, and it is natural for him to want to make provision for Eulanda. Whether he subsequently decided to delete Miriam Saunders' name from the account is immaterial, especially in light of the fact it was never done and the ease with which it might have been accomplished. We hold the evidence was insufficient to overcome the presumption in favor of the surviving joint tenant.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and ADESKO, J., concur.