*In re* ESTATE OF CYRILL CERNY, Deceased.—(MILES MARES, Adm'r of the Estate of Cyrill Cerny, Deceased, Petitioner-Appellant, *v.* FRANCES L. MORRIS, Respondent-Appellee.)

(No. 59305;

First District (4th Division)—December 11, 1974.

Salvatore E. Oddo, of Oak Park, for appellant.

Robert D. Bjork, of Chicago, for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

This appeal arises from the denial of a petition to recover assets. At issue are numerous savings accounts which were established by the petitioner-appellant's decedent with the respondent-appellee, Frances L. Morris, named as joint tenant. The petitioner, as administrator of the estate of decedent, Cyrill Cerny, sought to have the court declare these accounts to be assets of the estate and to have the surviving joint tenant, Frances L. Morris, deliver the funds in these accounts to the estate of the decedent. The trial court denied the petition, and we are of the opinion that it acted correctly.

This case was submitted to the trial court upon a stipulation of facts, numerous exhibits and a discovery deposition of Frances L. Morris.[1] The stipulation of facts discloses that Cyrill Cerny died on April 21, 1969, and was survived by his wife, Marie Cerny, and his sister, Frances L. Morris. Marie Cerny died on April 26, 1969, 5 days after her husband and was survived by Miles Mares and other brothers and a sister. Frances L. Morris paid the funeral bill and final medical expenses of Cyrill Cerny. At the time of Cyrill Cerny's death, numerous joint-tenancy accounts were found naming Frances L. Morris as joint tenant with Cyrill Cerny. Mrs. Morris claimed the funds in these accounts as surviving joint tenant and paid the requisite Illinois inheritance tax. In her deposition Mrs. Morris stated that she did not contribute any of the funds that were deposited in these joint-tenancy accounts. Frances L. Morris also received the proceeds of a life insurance policy insuring the life of Cyrill Cerny in which she was named beneficiary. The stipulation of facts also discloses that Mrs. Morris established out of her own funds several joint-

---

[1] The deposition of Frances L. Morris was taken in California and she was represented by counsel. Petitioner's attorney intended to call Mrs. Morris as an adverse witness pursuant to section 60 of the Civil Practice Act. However, due to her infirmities she was unable to attend and testify and it was agreed that her discovery deposition be received as the testimony of Frances L. Morris.

tenancy savings accounts in California naming the decedent, Cyrill Cerny, as joint tenant. The stipulation also recited that the title to the residential real estate of Cyrill Cerny was in his wife's name alone.

The issue in this appeal is whether or not the decedent intended to create a joint tenancy in favor of respondent, Frances L. Morris, in the numerous savings accounts that he established. The petitioner maintains that the accounts were created merely for the convenience of decedent and his wife, Marie Cerny. We do not agree.

■■■ The petitioner does not question the fact that the numerous joint tenancy savings accounts in issue were properly created according to statutory procedure. Therefore, in accordance with Illinois law, a presumption of donative intent in favor of the surviving joint tenant arises. It is incumbent upon the person claiming against the surviving joint tenant to prove by clear and convincing evidence the absence of such donative intent. (*In re Estate of Marx*, 11 Ill.App.3d 727, 297 N.E.2d 637 (1973).) As our supreme court stated in *Murgic v. Granite City Trust & Savings Bank*, 31 Ill.2d 587, 590-91, 202 N.E.2d 470, 472 (1964):

> "The legislative policy to treat the joint account as a useful technique for transferring intangibles dictates that the estate or other person claiming against the survivor should have the burden of disproving intent on the part of the decedent, and the degree of proof required to void the presumption should be clear and convincing. * * *
>
> We hold that an instrument creating a joint account under the statutes presumably speaks the whole truth; and, in order to go behind the terms of the agreement, the one claiming adversely thereto has the burden of establishing by clear and convincing evidence that a gift was not intended. This burden does not shift to the party claiming under the agreement."

We are of the opinion that petitioner failed in his burden of proof.

In support of his contention that respondent was named as a joint tenant merely for the convenience of the decedent and his wife, petitioner refers to a segment of respondent's deposition in which she was asked the following question and gave the following response:

> "Q. For what reason did he put you on those bank books?
>
> A. Because his wife was [a] mental case and she couldn't do anything, and I am the only one who could take care of her because they didn't know even half the time, they didn't know where her folks were."

However, the deposition also contains the following question and answer:

> "Q. What did he tell you to do, though, with the money?
>
> A. He said, 'Frances, the money is yours,' same as mine, so I

says, 'Okay. It isn't any more than fair that if something happens to me, there is only two of us here. Mary can do nothing, so there is only two of us here, so I put my name, my money in your name and you put all your money in my name. But the house is in Mary's name and we leave it there.' "

The evidence in favor of petitioner is meager and falls far short of overcoming clearly and convincingly the presumption of donative intent.

■■ Petitioner also refers to the fact that respondent made no deposits into the accounts and that decedent retained possession of the passbook until his death. However, it is well established that the making of all deposits and possession of the passbook are not controlling. *In re Estate of Gubala,* 81 Ill.App.2d 378, 385, 225 N.E.2d 646, 651 (1967).

For the reasons herein stated the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and JOHNSON, JJ., concur.