(No. 38603.—)

PETER A. MURGIC, Appellant, *vs.* GRANITE CITY TRUST & SAVINGS BANK.—(ILLINOIS STATE TRUST COMPANY, Appellee.)

*Opinion filed November 24, 1964.*

MAURICE DAILEY, of Granite City, for appellant.

JOSEPH COHN, of East St. Louis, and NICK D. VASI-LEFF, of Madison, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This case again involves the effect to be given joint tenancy bank accounts. Plaintiff, Peter A. Murgic, the surviving joint tenant, brought this action against the depositary bank for the proceeds of a savings account in his name and one Mike Yurkovich. Illinois State Trust Company, administrator of Yurkovich's estate, was interpleaded and appealed to the Appellate Court, Fifth District, from a

judgment on the jury's verdict in favor of Murgic. The Appellate Court reversed (46 Ill. App. 2d 334) and we granted leave to appeal.

Yurkovich and Murgic went to the bank to open a joint account. A bank official explained the nature and effect of such an account stating that either could draw on it and that upon the death of either the then balance would go to the survivor. In the course of the conversation Yurkovich said that he had no relatives in this country, that in the past he had sent funds, food and other things to relatives in Croatia but after a trip to visit them he felt they were not deserving of further consideration, that Murgic was his closest friend, and that he wanted him to have the funds. Thereupon Yurkovich deposited $12,500 in their joint names and they both signed a joint account agreement. After passing the pass book back and forth and having some discussion as to who should hold the book, Yurkovich retained it. Yurkovich later deposited $13,500 additional in the account without Murgic's knowledge.

Since there seems to be some difference of opinion among the courts of the State on the degree and burden of proof required of a claimant adverse to the deposit agreement, we will, therefore, give further consideration to this issue.

The case *In re Estate of Schneider*, 6 Ill.2d 180, pointed out the difficulty of applying the common-law concept of joint tenancy and doctrines governing gifts of intangible personalty, and carefully analyzed the legal effect of a joint-tenancy account as between the owners of a joint account. The possibility of creating joint accounts through statutory enactment was neither raised nor passed upon. It was noted that the "contract theory", typified by *Illinois Trust and Savings Bank* v. *VanVlack*, 310 Ill. 185, and the line of cases following it, was for the purpose of meeting the objection that the statutes then in effect did not permit

joint tenancies in personal property. The fallacy of the contract theory was pointed out and it was repudiated in favor of a gift theory. It was held that a deposit agreement sufficiently manifests a donative intent to establish ownership in the survivor, but that this manifestation of intent does not preclude the introduction of evidence tending to establish a contrary intention by the depositor of the funds. The evidence in that case established that the account was set up solely for the convenience of the depositor and it was held that his personal representative was entitled to the proceeds of the account upon his death.

The next case on the subject before this court was *Frey* v. *Wubbena,* 26 Ill.2d 62, and the problem was examined in the light of the statutes. Statutory provisions appear in a separate chapter entitled "Joint Rights and Obligations," (Ill. Rev. Stat. 1963, chap. 76,) and it was recognized that they were not enacted for the sole purpose of institution protection, but that they also conferred property rights in the designated owners of the account. It was held that creation of accounts having the incidents of joint tenancy in intangibles under the statutes vested legal title in the joint tenants "and compliance with the appropriate statuory requirements dispenses with the necessity of applying common-law principles governing creation of joint tenancies." (*Frey* v. *Wubbena,* p. 70.) It was then pointed out on the authority of *Schneider* that the courts may look behind the form of the transaction to determine the parties' rights as between the joint tenants. The opinion went on to say that there was a presumption of donative intent and that the burden is upon one questioning the gift to overcome the presumption by clear and convincing proof.

Defendant asserts the inapplicability of *Wubbena* because a father-child relationship existed and that in such case a presumption of donative intent may be indulged in, and that, traditionally, clear and convincing proof has been

required to overcome the presumption. The presumption of donative intent in that case arose from the relationship of the parties and the contract, while here the presumption is based upon the parties having executed an agreement in compliance with the statute. The real question then is who has the burden of proof and the degree of proof required where the presumption is the result of contract.

There has been much confusion in this area on the part of the courts of the several States (including Illinois,) most of which appears to stem from attempts to apply traditional concepts to joint accounts. Various solutions have been advanced. The one apparently adopted by the Appellate Court in this case may be classified as a "limited" or "shifting" presumption. Under this theory the burden of going forward, once the proper setting up of the account and death of the joint tenant had been established, was upon the estate and if there was no evidence rebutting donative intent the survivor would take, but if the estate introduced evidence which tended to rebut donative intent the burden would then revert to the survivor to prove by clear and convincing evidence that a gift was intended. Apparently this concept derives from the common-law rule that such a burden devolves upon a person claiming to be the donee of an *inter vivos* gift.

It is implicit in *Wubbena* that a *prima facie* presumption of donative intent exists where the proof shows that the making of the deposit and the execution of the contract is in conformity with the statute. As we stated in recognizing the increased use of joint tenancy accounts and legislative relaxation of rules pertaining to them: "Public policy would seem to require the adoption by the courts of a more liberal and practical view of these common transactions." (*Frey* v. *Wubbena,* 26 Ill.2d 62, 66.) The legislative policy to treat the joint account as a useful technique for transferring intangibles dictates that the estate or other person

claiming against the survivor should have the burden of disproving intent on the part of the decedent, and the degree of proof required to void the presumption should be clear and convincing. This would add certainty to the law and at the same time protect a depositor's estate where the joint account was created without donative intent, for example where the account was opened for the convenience of the depositor as in *Schneider*. To hold that a lesser degree is required or that the burden shifted would tend to make every joint tenancy account suspect and would promote instability rather than stability of ownership. A personal representative of a deceased joint tenant should not be constantly faced with the risk of charges of mismanagement for failure to litigate each joint account to which it or his decedent was a party.

We hold that an instrument creating a joint account under the statutes presumably speaks the whole truth; and, in order to go behind the terms of the agreement, the one claiming adversely thereto has the burden of establishing by clear and convincing evidence that a gift was not intended. This burden does not shift to the party claiming under the agreement.

The proof established that the account was understandingly created, that Yurkovich knew the funds could be drawn by either, and that the balance in the account would go to Murgic if he (Yurkovich) died first. Two incidents subsequent to creation of the account were mentioned by the Appellate Court. One was the making of a loan by Yurkovich to Murgic and a request for repayment having been made prior to the additional deposit by Yurkovich. The other was the later execution by him of a will containing a general residuary bequest to heirs in Yugoslavia without mentioning the joint account. Neither is of significant help when related back to the time of creation of the account in determining donative intent in the face of Yurko-

vich's expressed desire and intent that Murgic become a joint owner of the account.

The judgment of the Appellate Court, Fifth Judicial District, is reversed and the judgment of the circuit court of Madison County is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*