ANNA B. BILEK, Adm'r of the Estate of Lawrence Pochman, Deceased, Plaintiff-Appellee, *v.* VIRGINIA RYAN, Defendant-Appellant.

(No. 59501; ▮▮▮▮▮▮▮

First District (4th Division)—May 22, 1974.

Fiorite & Fiorite and Kozlowski & Smith, both of Chicago (Frank Fiorite, Joseph J. Kozlowski, and John A. Smith, of counsel), for appellant.

Ben G. Ottenhoff, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This appeal is taken from a summary judgment against the defendant, Virginia Ryan, and in favor of the plaintiff, Anna Bilek, the administrator of the estate of Lawrence Pochman in the Circuit Court of Cook County.

The issue of review is whether there is clear and convincing evidence negating the presumed donative intent of the creator of a joint tenancy savings account.

Lawrence Pochman was a joint tenant on certain savings accounts with his mother and father. After the death of his mother on November 2, 1968, he cancelled the accounts and opened new ones in his name and the name of his godchild and second cousin, Virginia Ryan.

Lawrence Pochman died intestate on January 29, 1972, almost 2 years

after death of his father, and letters of administration were issued to Anna Bilek, the aunt of the deceased.

On May 18, 1972, the administrator filed a citation to discover assets, and a hearing was held on August 11, 1972. At the conclusion of the hearing, the citation was dismissed.

This action for an accounting was filed in the Chancery Division of the Circuit Court of Cook County on November 20, 1972. A petition to transfer the cause to the Probate Division was filed on January 5, 1973, and denied on February 16, 1973. Subsequently, a motion for summary judgment with an affidavit was made by the plaintiff and a counter motion with supporting affidavits was made by the defendant. Judgment was entered on the plaintiff's motion on July 5, 1973. The defendant appeals from that judgment.

, The plaintiff contends it was not shown there was donative intent by the decedent with respect to the defendant at the inception of the accounts, and that at the time of the creation of the joint accounts, the decedent placed her name on the accounts only for the purpose of providing care for his father.

The defendant testified that at the time Lawrence Pochman put her name on the accounts as a joint tenant, he requested she should use the funds to take care of his father if he should die first. After the death of his father, Lawrence Pochman told her that if anything was left in the accounts when he died, she should have it for her own. There was also testimony that Lawrence Pochman intended to convey his house to the defendant.

■■ Donative intent is presumed to exist at the inception of a joint tenancy savings account and may be rebutted only by clear and convincing evidence to the contrary. In *Murgic v. Granite City Trust & Savings Bank* (1964), 31 Ill.2d 587, the court stated:

> "[A]n instrument creating a joint account under the statutes presumably speaks the whole truth; and, in order to go behind the terms of the agreement, the one claiming adversely thereto has the burden of establishing by clear and convincing evidence that a gift was not intended. This burden does not shift to the party claiming under the agreement." 31 Ill.2d at 591.

■■ Although neither this court nor the court below had the benefit of reading the joint tenancy contract, and we cannot understand why such an important document was not offered into evidence, it appears from the other evidence the decedent did intend at the inception of the joint accounts that the defendant have the money in the accounts contingent upon the deaths of his father and himself. The defendant was his godchild, and apparently the only relative about whom he cared.

Significantly, the decedent did not take the defendant's name off the accounts after his father died almost 2 years prior to his own death, and he did not make a will. It may be inferred from these circumstances the decedent considered no will was necessary in light of the joint accounts and his expressed desire to deed his house to the defendant during his lifetime.

The fact the decedent expressed a desire that the defendant should take care of his father with the funds if his father should survive him is not inconsistent with the existence of donative intent from the creation of the accounts. In the case of *In re Estate of Hayes* (1971), 131 Ill.App.2d 563, the court stated:

> "The fact that she told Anna that she wanted her to make withdrawals if she became ill does not mean that she did not intend Anna to have whatever money remained in the accounts at the time of her death." 131 Ill.App.2d at 569.

We think the judgment of the Circuit Court was error in the instant case.

For these reasons the judgment of the Circuit Court of Cook County is reversed.

Reversed.

BURMAN and JOHNSON, JJ., concur.