*In re* ESTATE OF RAY G. REDDING, Deceased.—(VIRGINIA DODSON, Petitioner-Appellant, *v.* LENA REDDING Ex'rx, Respondent-Appellee.)

(No. 12486; ▇▇▇▇▇▇▇▇)

Fourth District—December 17, 1974.

Ralph D. Glenn, of Glenn & Logue, of Mattoon, for appellant.

Joseph P. Smith, Jr., of Mattoon, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Coles County on a citation to discover assets of an estate. The petition was brought by an heir and devisee and the court ruled that the proceeds of three checks deposited in a joint tenancy bank account of the decedent with his surviving widow were properly deposited in such account and were not assets inventoriable in the estate. On appeal, the plaintiff contends that these funds belonged to the estate because they were deposited in the joint tenancy bank account by a third party whose specific authority to do so was not adequate, and hence the proceeds of those checks never departed the ownership of the decedent and should therefore be inventoried as a part of his estate. We affirm the trial court.

Under the will of decedent, the personal estate and a life estate in his real estate went to the defendant wife and the remainder to the plaintiff, a daughter, unless she predeceased the defendant and in such case, the realty went to grandchildren. The facts are basically not in dispute. The decedent and his wife established the bank account in 1958 in joint tenancy, and used this fund for a period of some 14 years for the benefit of each and the benefit of both. Shortly before his death, the decedent contracted to sell his one-half interest in a building to a business partner by the name of Wolf, who was a co-owner. Five hundred dollars was paid down by Wolf, the balance of some $9,000 was paid by Wolf to the decedent and a third check made payable to the decedent on an unrelated debt for $2,435.96. Under the court decree these three deposits ultimately wound up in the joint tenancy bank account, and the trial court held they belonged to the widow and not to the estate. Within a few days after the closing of the transaction, the decedent died. He was quite feeble at the time; the documents required were signed either by an "X" or with the aid of the wife.

The decedent and his partner had kept a cotenancy account where money was sometimes deposited to take care of the mortgage, interest, taxes, etc., on the real estate. The wife took the first $500 and deposited it in that account. When the transaction was finally closed, the check on the old loan and the balance of the check on the purchase of the property was delivered by the decedent to a Mr. Behrend, who was a long-time personal friend, an ex-banker, and one quite familiar with the decedent's business affairs, and he was directed to deposit it either "in my account at the bank" or "in the bank" or "in our joint account." Behrend deposited the money in the joint tenancy account, and the sole issue in this case is whether or not the money was properly in the joint tenancy account rather than in an individual account. We answer that question "yes."

It is at once clear that the precise terms of the directions given to Mr. Behrend are not clear from the record so far as the precise account into which the money should go is concerned. It should also be stated here that there can be little doubt but that the money was to be put in the bank. The partner so testified, Mr. Behrend so testified, and the widow so testified, and that's where the money was deposited. On the record, it is clear that the husband and wife had established a joint tenancy bank account some 14 years before, and both had used it for that period of time. There was no other bank account in which the wife was directly interested individually or otherwise. There was no individual bank account of the decedent. There was the partnership account with Wolf for the purpose of taking care of mortgage payments, etc., on the very building that was involved in the contract and which gave rise to the three checks here involved. It is conceded that if the directions given by the decedent were sufficiently precise as a matter of law or fact to justify the deposit in the joint tenancy bank account, that's where it belongs rather than in the estate. Unfortunately, the instructional precision which the plaintiff seeks to invoke is simply not present in this record and plaintiff therefore suggests that the donative intent is not established and that the ownership of these three checks and their proceeds was still in decedent at the time of his death. This is no suggestion of fraud, undue influence, overbearing, inducement or any of the usual accusation of unfairness asserted by the plaintiff. The question we decide therefore is a narrow one.

The plaintiff readily concedes that if the decedent had himself placed the money in the joint bank accounts, no question arises. The first issue is whether the language used by the decedent authorized Behrend to do so. For the trial court and this court to determine that intention in the absence of a clearly expressed and unequivocal instruction to Mr.

Behrend, we need to place ourselves so far as we can in the position of the parties. Plaintiff urges that the language is susceptible of three interpretations: (1) that it be deposited in the partnership account. The testator's language didn't say so; (2) that it be deposited in the joint tenancy account. The widow stated that he did say so—the other two witnesses were not so specific, and (3) it be deposited in some other account. The testator did not have any other account, and we find difficulty in construing his words to direct Mr. Behrend to open up a new individual checking account. It is equally clear from this record that had Behrend done the latter, it would have been in the estate at the time of the decedent's death and would have gone to the widow under the will in any event in the absence of debts. We also note that the citation to discover assets was not filed until the petition for the sale of real estate to pay debts was filed. We likewise mention that this litigation is between a daughter of the first marriage and a second wife. These are all facts surrounding the situation which we review. These were facts known to the parties at the time of the transaction involved, except, of course, the chronology of the suit to pay debts and the citation proceedings.

It would seem to us most unlikely that the words used by the decedent in instructing his friend, Behrend, would refer to the partnership account between the decedent and Wolf where the source of these checks was Wolf himself and where a deposit in that account would amount to a gift of one-half of such checks to Wolf. The evidence is barren of any such donative direction or intention. Where this decedent apparently had never used an individual banking account and had created a joint tenancy account with his wife some 14 years before, it would seem that the words "my account" would be carefully tied in with the only account that the old gentleman had, that is, the joint banking account. Behrend testified that he was familiar with the decedent's business over many years, and the only account he knew the decedent had was the joint tenancy account.

In the face of these facts, it seems to us that there is a complete failure on the part of the plaintiff to establish that this money does not belong in the joint tenancy account. In *Murgic v. Granite City Trust & Savings Bank*, 31 Ill.2d 587, 202 N.E.2d 470, it was held that an instrument creating a joint account under our statute presumably speaks the whole truth and in order to go behind the terms of the agreement, one claiming adversely thereto has the burden of establishing by clear and convincing evidence that a gift by a donor was not intended. The burden does not shift to the surviving joint tenant to prove otherwise. We think Mr. Behrend did what everyone present including the testator

intended for him to do. The disposition of these checks simply followed a policy established by the testator for more than 14 years. The theory that following uniform practice is not justified under the record in this case would follow an illogical route to an illogical conclusion ending in an illogical result. There is not a scintilla of evidence in this record to indicate anything other than that the instructions of the decedent were carried out by his trusted friend. When the direction was to deposit "in my account," it seems reasonably logical to conclude that he meant the joint tenancy account which he had used over the years for all of his personal business except the limited partnership account. We conclude that the trial court was correct.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.