*In re* ESTATE OF JESSIE S. BERG, Deceased.—(RONALD T. BERG, Petitioner-Appellant, *v.* LORRAINE LENNO *et al.*, Respondents-Appellees.)

(No. 61445; ■■■■■■■■■■■

First District (3rd Division)—November 20, 1975.

Jacob N. Gross, of Chicago, for appellant.

Arthur George, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This appeal is from an order of the circuit court of Cook County denying in part a petition and amended citation to recover assets of the estate of Jessie S. Berg, deceased. Petitioner, Ronald T. Berg, the decedent's son, caused citations to issue for the appearances of Lorraine Lenno and Lyle T. Berg, his sister and brother who were also the coexecutors of the estate. Petitioner charged that the inventory of the estate wrongfully excluded 500 shares of stock standing in the name of Lyle Berg at the time of decedent's death and also the funds on deposit in two bank accounts which, on the date of decedent's demise, listed Lorraine Lenno as the owner of one account and Lenno and decedent as the joint owners of the second. At the conclusion of a hearing on the petition, the trial court denied the petition and amended citation except as to 100 of the above-specified shares of stock. Petitioner appeals from that part of the order which relates to the joint tenancy savings account.

Lorraine Lenno, a widow, called as a witness by petitioner, adduced the only evidence with respect to the formation and operation of the account. She testified that she was listed as the joint tenant along with her mother of account number 1744 at Oak Park Savings and Loan Association, which later changed its name to American Savings Association. Decedent died on June 18, 1973, at the age of 93. After paying the funeral expenses from this account, the amount remaining on deposit totalled $8,580.71. Lenno subsequently transferred the money to her own account.

The record is unclear whether this account originally listed the decedent as the sole owner or whether she and Lenno were original joint

tenants. In any event the decedent and Lenno signed the requisite documents establishing the joint tenancy savings account on July 11, 1961. These documents were admitted into evidence at the hearing.

Lenno testified that although her name was originally placed on the account for convenience purposes, her mother subsequently told her that Lenno should have whatever was left in the account if anything happened to her. Her mother desired to leave the funds in the account to her because Lenno took care of her and lived with her for the last eleven years of decedent's life. Although all of the money in the account in the beginning belonged to the decedent, Lenno also testified that from time to time she deposited her own money in the account.

Petitioner's principal contention is that the trial court erred in permitting Lenno to relate conversations with decedent in contravention of section 2 of the Illinois Dead Man's Act. (Ill. Rev. Stat. 1973, ch. 51, par. 2.) He also contends that there was an absence of donative intent in the creation of the account and that, therefore, the court erred in finding that a joint account with a right of survivorship had been created between decedent and Lenno.

■■ Petitioner's first contention that the court erred in permitting Lenno to testify in contravention of the Dead Man's Act can be disposed of easily. Petitioner did not object to the testimony. In fact it was petitioner who originally elicited the testimony, which was repeated during her examination by respondents' attorney. This issue was raised for the first time in petitioner's post-trial motion. Petitioner's failure to make a timely objection on the ground of incompetency rendered the evidence competent and waived the issue. *Bonczkowski v. Kucharski* (1958), 13 Ill.2d 443, 150 N.E.2d 144; *Auerbach v. Continental Illinois National Bank & Trust Co.* (1950), 340 Ill.App. 64, 91 N.E.2d 144; *Forester v. Sheridan Trust & Savings Bank* (1930), 257 Ill.App. 463.

In considering petitioner's second contention that no donative intent existed, we are guided by the familiar principles set forth in *Murgic v. Granite City Trust & Savings Bank* (1964), 31 Ill.2d 587, 202 N.E.2d 470. In that case, the court stated at pages 590-91:

> "The legislative policy to treat the joint account as a useful technique for transferring intangibles dictates that the estate or other person claiming against the survivor should have the burden of disproving intent on the part of the decedent, and the degree of proof required to void the presumption should be clear and convincing. * * * To hold that a lesser degree is required or that the burden shifted would tend to make every joint tenancy account suspect and would promote instability rather than stability of ownership. * * *

We hold that an instrument creating a joint account under the statutes presumably speaks the whole truth; and, in order to go behind the terms of the agreement, the one claiming adversely thereto has the burden of establishing by clear and convincing evidence that a gift was not intended. This burden does not shift to the party claiming under the agreement."

In the present case, petitioner does not challenge the authenticity of the bank records and signature cards introduced into evidence creating the joint tenancy savings account or the mental capacity of the decedent at any time prior to her death. Thus, we have before us only the testimony of Lenno that her mother wished to leave the account funds to her because Lenno took care of her. There is the further evidence of commingling of funds in th account in that Lenno herself from time to time made deposits in the account. It is apparent that petitioner has failed to establish by clear and convincing evidence that no donative intent existed. The trial court properly denied the petition and citation to recover assets as they related to the joint account.

Accordingly, the order of the circuit court of Cook County is affirmed.

Order affirmed.

DEMPSEY and MEJDA, JJ., concur.