WALTER L. GILMORE, Ex'r of the Estate of Ray L. Gilmore, Deceased, Executor-Appellant, *v.* MARY G. ROBERSON, Claimant-Appellee.

Second District (2nd Division)    No. 75-310

Opinion filed May 11, 1976.—Rehearing denied June 11, 1976.

James Berry, of Berry & Berry, of Rockford, for appellant.

Stephen W. McCarty, of Rockford, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from a summary judgment allowing a claim against the decedent's estate for $22,500 filed by Mary G. Roberson, based on "a gift of money made in December, 1970, in the nature of a bank account * * * at First National Bank and Trust Company of Rockford—Gift completed by the delivery of the passbook to claimant."

The claimant's motion for summary judgment and her supporting affidavit with exhibits established that on December 8, 1970, a joint account was opened at that bank in the names of the decedent, Ray L. Gilmore, and the claimant, Mary G. Roberson, as joint tenants with the right of survivorship; that the decedent at that time gave claimant the passbook which she still has in her possession; that on or about July 19, 1973, a conservator was appointed for the said Ray L. Gilmore; that on July 20, 1973, the conservator withdrew all of the funds in the aforesaid joint account; that the decedent died less than two weeks later, on August 2, 1973; that claimant learned about such withdrawal after Gilmore's death; that none of the funds so withdrawn were required for his support there being adequate other assets inventoried in the decedent's probate estate; that during the decedent's lifetime the only withdrawals were of the interest earned and that the decedent forwarded the interest withdrawn to the claimant. The executor's "answer" (counteraffidavit) did not contradict any of the material facts set forth in the claimant's motion and affidavit. However, the answer stated that appellee's claim was "based upon a long period of immoral conduct" between the claimant and decedent, and that the executor "believes that there was a contract that existed between the claimant and the deceased based on the claimant's agreement to satisfy his sexual needs without being married to him and his payment to her by the establishment of a fund. That this fund

was established purely on the basis of the claimant's immoral conduct with the deceased."

The only issue presented is whether the executor's "belief" as to the existence of such contract presents a genuine issue as to a material fact so as to preclude the entry of the summary judgment in favor of the claimant.

The joint bank account was created by the claimant and the decedent in compliance with the law and the decedent gave the passbook to the claimant at that time. Such actions give rise to a presumption that a gift was intended. *In re Estate of Schneider*, 6 Ill. 2d 180; *Kirkham v. Halford*, 83 Ill. App. 2d 300; *In re Estate of Foster*, 104 Ill. App. 2d 447.

In *Murgic v. Granite City Trust & Savings Bank*, 31 Ill. 2d 587, 591, the court said:

> "[A]n  instrument creating a joint account under the statutes presumably speaks the whole truth; and, in order to go behind the terms of the agreement, the one claiming adversely thereto has the burden of establishing by clear and convincing evidence that a gift was not intended. This burden does not shift to the party claiming under the agreement."

The executor's counteraffidavit presented nothing more than his "belief" that there was a contract between the claimant and the decedent which contemplated "immoral" acts. Nothing was presented by the executor to establish that a gift was not intended by the decedent or to rebut the presumption of a gift.

Under these circumstances, therefore, the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.