65 Ill. App.3d 314 (1978)
382 N.E.2d 585
In re ESTATE OF MARTIN GIBBONS, Deceased.  (IRENE WEISSKOPF, Petitioner-Appellee,
v.
MARY HOWARD, Respondent-Appellant.)
No. 78-131.
Illinois Appellate Court  First District (1st Division).
Opinion filed October 23, 1978.
Carolyn H. Krause and David S. Krause, both of Krause & Krause, of Mt. Prospect, for appellant.
Edward S. Lipsky, of Zipperman, Levin & Associates, of Chicago, for appellee.
Reversed and remanded.
Mr. JUSTICE McGLOON delivered the opinion of the court:
This appeal is from an order of the circuit court of Cook County granting in part a petition and amended citation to recover assets of the estate of Martin Gibbons, deceased. The amended citation petition, filed by Irene Weisskopf, a legatee under the last will of Martin Gibbons, sought to recover the proceeds of two savings accounts, one at Belmont National Bank of Chicago (Belmont account) and the other at the Harris Trust and Savings Bank (Harris account). Each account was opened in the joint names of the decedent and his niece Mary Howard, the executor of the decedent's estate and respondent in the instant case. After a hearing, the trial court ordered that the Harris account passed to Mary Howard and that the Belmont account was an account of convenience only and *315 passed to the deceased's estate. Mary Howard now appeals from that part of the trial court's order denying her the proceeds of the Belmont account.
On appeal, appellant contends that the joint tenancy account at Belmont, established in compliance with applicable joint tenancy statutes, creates the presumption of a gift in favor of the surviving joint tenant and that the petitioner's evidence failed to show a lack of donative intent.
We reverse with directions.
At trial, the respondent Mary Howard testified that the decedent resided with her and her husband in Chicago for 12 years preceding his death in 1976 and that during that period of time the decedent was in good health. Mary Howard explained that sometime in 1973 or 1974 she signed signature cards for the Harris account. The deceased would give her the passbook and she would post the interest. She made no withdrawals from the account until after the decedent's death. She listed the interest from the Harris account on her individual tax returns from 1974 to the present. The decedent's 1973 tax return listed the interest income from the Harris account for that year.
As to the Belmont account, Mary Howard testified that in 1974 Martin Gibbons stated that he was adding her to the account at the Belmont Bank and that she went to the bank and signed the signature card. Martin Gibbons retained the passbook in his dresser drawer in the room which he had at the Howards' apartment. Mary Howard did not post interest on this account and did not discuss the account with Martin Gibbons. When asked at trial whether Martin Gibbons may have added her name for convenience, she answered over her counsel's objection, "it might be for convenience."
It is undisputed, and the trial court so held, that both the Harris and Belmont accounts were set up as joint tenancy accounts in compliance with the applicable statutes.
The petitioner, Irene Weisskopf, also testified at trial and indicated that the deceased was a secretive man and that when he died she did not know that he left a will. An attempt to have that will admitted into evidence was denied by the trial court which reasoned that the will was immaterial to the issue of the creation of the joint tenancy accounts.
 1 It is well settled that the creation of joint savings accounts presumptively establishes the donative intent necessary for a valid gift and that one who challenges the existence of the donative intent must present clear and convincing evidence of its absence. (In re Estate of Naumann (1971), 1 Ill. App.3d 419, 274 N.E.2d 147.) As stated in Murgic v. Granite City Trust & Savings Bank (1964), 31 Ill.2d 587, 591, 202 N.E.2d 470, 472:
"* * * [A]n instrument creating a joint account under the statutes presumably speaks the whole truth; and, in order to go *316 behind the terms of the agreement, the one claiming adversely thereto has the burden of establishing by clear and convincing evidence that a gift was not intended. This burden does not shift to the party claiming under the agreement."
We recognize, as petitioner argues in this appeal, that the trial court had an opportunity to see the witnesses and was in a better position to judge their credibility than this court on appeal. However, this case does not depend upon the credibility of the witnesses for there is no significant conflict in their testimony. The question here presented is whether the petitioner presented clear and convincing evidence to overcome the presumption that a gift was intended. We conclude that she did not.
 2 To overcome the presumption that a gift was intended, petitioner points to respondent's testimony of record that the Belmont account may have been for convenience. We believe the above statement indicates merely that the respondent did not know why the deceased had set up the Belmont account. It is true that Mary Howard testified that the deceased kept the passbook in his dresser drawer, that he did not discuss the account with her, and that she posted no interest on this account. While lack of control of the passbook may afford some evidence of lack of donative intent (In re Estate of Cronholm (1962), 38 Ill. App.2d 141, 186 N.E.2d 534), it is not clear and convincing evidence of such a nature to rebut the presumption of donative intent. See In re Estate of Mueth (1962), 33 Ill. App.2d 449, 179 N.E.2d 695.
Petitioner also cites as evidence to rebut the presumption of donative intent the contents of the deceased's will. As indicated by the instant record, the will was never received into evidence by the trial court. Petitioner does not question that ruling of the trial court in this appeal. As a result the contents of that will are not before us.
 3 For the foregoing reasons, we conclude that petitioner did not present clear and convincing evidence to overcome the presumption of donative intent and thus reverse that part of the trial court's order transferring the contents of the Belmont account to decedent's estate. We further direct the trial court to order that the proceeds of that account be transferred to the respondent Mary Howard.
Order reversed; cause remanded with directions.
O'CONNOR and BUCKLEY, JJ., concur.