*In re* ESTATE OF JOSEPH GUZAK, Deceased.—(CAMILLE WARCHOL *et al.*, Petitioners-Appellees, *v.* GEORGE P. GUZAK, Ex'r of the Estate of Joseph Guzak, Respondent-Appellant.)

First District (3rd Division)    No. 78-739

Opinion filed March 14, 1979.

Mitchell S. Kilanowski, of Chicago, for appellant.

Wilhelm F. Levander, of Des Plaines, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Petitioners Camille Warchol, Irene Perry and Pauline Gron filed this citation petition in the circuit court of Cook County against respondent, George Guzak, executor of the will of Joseph Guzak, deceased, requesting that a joint savings account in the sum of $31,163.82 on deposit in a savings and loan association be added to this estate's inventory. The account was in the names of decedent and respondent. Petitioners are sisters, and respondent is their brother; all are adult children of decedent. After a hearing, the trial court found that the joint savings account was an asset of the estate and ordered respondent to inventory it into the estate.

The court held that there was no donative intent on the part of the decedent when he added respondent's name to the account. Respondent appeals.

The account in question, No. 2654, was opened in 1940 by decedent in joint tenancy with his wife. The wife died in 1944. In 1969, decedent added respondent's name to the account and told the latter his name was being added in case anything happened to decedent. Respondent and decedent lived together and, at the time of adding respondent's name to the account, he was the only child living at home with decedent. In addition to the account in question, decedent left an estate of approximately $22,000 to be divided according to his will among his children. Decedent also had another account, No. 23345, totaling $5,371, in which he was trustee and respondent was beneficiary. (It is undisputed that those proceeds passed to respondent, and they were not involved in this dispute.)

Respondent testified as an adverse witness under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60). He considered the account in question to be decedent's and decedent retained possession of the passbook. Respondent occasionally made deposits for decedent, but always returned the passbook, and never made withdrawals. Once decedent died, respondent believed he had absolute control over the account. Respondent received the passbook from his sister after decedent's death. Respondent had intended to give the proceeds of the account to charity.

Camille Warchol testified that decedent had asked her to keep the passbook to the subject account for him, and that she had made deposits for him on several occasions. When decedent was hospitalized for the last time, he told her the passbook for the trust account, the one not in dispute, was for respondent. About a week after decedent's death, respondent met with petitioners at the family home. He placed the deed to the home and the passbook to the subject account on the table and stated those items constituted decedent's estate. Respondent later told petitioners they should give the money in the subject account to charity and for Masses. Respondent also showed petitioners the trust account passbook and stated that was what decedent wished him to have. The other petitioners corroborated Warchol's testimony about the family conversation after decedent's death.

At the close of the evidence, the trial court found that petitioners had rebutted the presumption of a gift by clear and convincing evidence. The court therefore found that the proceeds in the subject account No. 2654 were assets of the estate.

■■ The transfer of personal property into joint tenancy by a father with the right of survivorship in his son creates a presumption of a valid gift to

the son as the surviving joint tenant. (*Frey v. Wubbena* (1962), 26 Ill. 2d 62, 185 N.E.2d 850; *In re Estate of Dzialowy* (1977), 53 Ill. App. 3d 585, 368 N.E.2d 780.) The presumption is not conclusive but the burden is upon the one who challenges the gift to present clear and convincing evidence of the absence of a donative intent. (*In re Estate of Gibbons* (1978), 65 Ill. App. 3d 314, 382 N.E.2d 585; *Havey v. Patton* (1977), 52 Ill. App. 3d 897, 368 N.E.2d 728.) In determining whether the donor actually intended to transfer his interest in the account at his death to the surviving joint tenant, it is proper to take into consideration the facts surrounding the creation of the joint account and all circumstances and events occurring after the creation of the joint account. (*In re Estate of Schneider* (1955), 6 Ill. 2d 180, 127 N.E.2d 445; *In re Estate of Rupp* (1972), 4 Ill. App. 3d 648, 281 N.E.2d 717.) Especially relevant to such a determination is the exercise of authority and control over the joint account. (*Koziol v. Harris* (1967), 82 Ill. App. 2d 472, 226 N.E.2d 387; *In re Estate of Cronholm* (1962), 38 Ill. App. 2d 141, 186 N.E.2d 534.) The fact that the surviving joint tenant did not consider himself as having any ownership in the account may be considered in determining the intent of the creator of the account. (*In re Estate of Dawson* (1968), 103 Ill. App. 2d 362, 243 N.E.2d 1.) Evidence that the transfer was made for the mere convenience of the creator of the account is an indication of lack of donative intent. (*Toman v. Svoboda* (1976), 39 Ill. App. 3d 394, 349 N.E.2d 668; *In re Estate of Elliott* (1975), 33 Ill. App. 3d 1046, 339 N.E.2d 378.) Another factor to be considered is the quantity of personal property involved in comparison to the total assets of the estate. *Scanlon v. Scanlon* (1955), 6 Ill. 2d 224, 127 N.E.2d 435; *In re Estate of Rupp*.

■ We believe the trial court correctly found that petitioners overcame the presumption of donative intent on the part of decedent by clear and convincing evidence and properly held that the proceeds of the subject account were assets of the estate. It is undisputed that the decedent retained exclusive possession of the passbook of the account in question. The only time he surrendered its custody was when he went to the hospital and then he instructed his daughter to hold it for him. This was true even after respondent's name was added to the account. It should be noted also that all money deposited in the account belonged to decedent. We believe it significant that at the time of his last hospitalization decedent instructed his daughter that the proceeds of another account were intended for respondent. Clearly decedent did not believe the subject account belonged to respondent. Just as clearly respondent did not consider himself as having any ownership in the subject account. In his testimony, respondent continually referred to the account as belonging to decedent. And after decedent's death, respondent in his conversation with petitioners revealed a belief that the account belonged

to all of them. Finally, acceptance of respondent's argument that he is entitled to the proceeds of the subject account would result in an estate wherein respondent would receive over $40,000 while each petitioner would receive $4,000 or less. No evidence adduced warrants such a result. The trial court properly determined there was a lack of donative intent on the part of the decedent.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.