BANK OF VIOLA, Plaintiff, v. ROBERT D. STALEY, Defendant-Appellant (The Estate of Clarence W. Staley *et al.*, Defendants-Appellees).

Third District   No. 3—84—0444

Opinion filed March 12, 1985.

Karl Bredberg, of Aledo, for appellant.

Robert L. Ellison and William G. Gillies, Jr., both of Klockau, McCarthy, Ellison & Rinden, of Rock Island, for appellees.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Mercer County ordering the plaintiff, Bank of Viola, to pay to Loren L. Staley and Richard L. Staley, as co-executors of the estate of Clarence W. Staley, the proceeds of three bank accounts. The accounts were in the names of the appellant, Robert D. Staley, and the decedent, Clarence W. Staley, as joint tenants. The appellant and the ex-

ecutors are sons of the decedent who were interpleaded by the Bank of Viola to settle their claims to the accounts.

The appellant contends that the joint tenancy creates a presumption of a gift from the decedent to the appellant as the surviving joint tenant and that the executor's evidence failed to rebut the presumption of donative intent. We affirm.

An instrument creating a joint account in accord with statute (Ill. Rev. Stat. 1981, ch. 76, par. 1 *et seq.*) establishes a presumption of donative intent which can be overcome only by clear and convincing evidence that a gift was not intended (*Murgic v. Granite City Trust & Savings Bank* (1964), 31 Ill. 2d 587). At trial, the executors argued that the joint accounts were created not as a gift to the appellant, but for the convenience of the decedent, whose health was declining rapidly.

Friends of the decedent testified as to his failing health, memory lapses and his preoccupation with putting his financial affairs in order. Two months before his death and one month before the accounts were transferred, the decedent gave the appellant a power of attorney with respect to all of his bank accounts. This placed the appellant in a position of influence over the decedent and permitted the appellant to provide for decedent's living expenses.

The evidence shows that one month before the decedent's death, around the time when the accounts were transferred, the decedent was under heavy medication for pain. When the accounts were transferred, only the appellant signed the joint account agreements on the signature cards. Although the decedent's signature also appeared on each card, it had been placed there when the accounts were first opened. The decedent never re-signed the cards.

At trial, a bank employee testified that when she asked the decedent whether his checking account was to be changed, the decedent responded, "No, I just want Robert to have the savings and the C.D." On cross-examination, the employee admitted having stated in a discovery deposition that it was the appellant who had answered by saying, "No, I just want the savings and certificates."

The following day, the decedent and the appellant returned to the bank and the appellant asked a bank employee to add language to the signature cards creating a right of survivorship. The decedent retained the passbooks.

The total value of the accounts is $46,917.53. The rest of the decedent's estate is worth approximately $32,000. This discrepancy in value, along with the fact that the decedent retained the passbooks, indicate that the accounts were not created with donative

intent. (*In re Estate of Guzak* (1979), 69 Ill. App. 3d 552.) Although retention of the passbook and the discrepancy in values alone are not clear and convincing evidence of a lack of donative intent, we believe that the record as a whole clearly and convincingly rebuts the presumption of donative intent. The circumstances surrounding the transfer of the accounts indicate that the joint tenancy was created at the appellant's direction and that the decedent may not have fully understood the nature of the transaction. Considering the state of decedent's health, his silent and passive acquiescence to the transfer, the appellant's position of influence and the decedent's mental state, it is clear that the joint accounts were established for the convenience of the decedent and were not intended as a gift to the appellant.

■ A final issue to be resolved is whether the testimony of a witness for the executors was barred by the Dead Man's Act (Ill. Rev. Stat. 1981, ch. 110, par. 8—201). The wife of one of the executor's brothers was permitted to testify as to conversations she had with the decedent which were relevant to his mental capacity. The Dead Man's Act applies to cases where the representative of a decedent is suing or defending and prohibits an adverse party or an interested party from testifying on his own behalf concerning a conversation with the deceased. Here, the executors are defending as the decedent's representatives. The witness is an interested party because she is the spouse of one who is related to the decedent and who stands to benefit from the estate. However, the witness was not called to testify on her own behalf but was called in support of the estate's claim to the accounts. Hence, she testified on behalf of the estate. Such testimony is not barred by the Act.

The judgment of the circuit court of Mercer County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.